UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DOUGLAS JOHNSON, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:16-CV-4090-KES <br><br> MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Michael Douglas Johnson, moves to correct his sentence because of a possible *Johnson* claim under 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion and moves to dismiss petitioner's motion. Docket 9. For the following reasons, the court denies petitioner's petition.

**BACKGROUND**

Petitioner entered a plea of guilty to one count of felon in possession of firearms under 18 U.S.C. § 922(g)(1). In petitioner's presentence report, the base offense level was calculated to be 20, 2 points were added because a firearm was stolen, 4 points were added because petitioner used or possessed the firearm in connection with another felony offense, and no Chapter Four enhancements were applied. PSR at ¶¶ 18, 19, 20, 25. Petitioner's base offense level was determined to be a level 20 under USSG § 2K2.1(a)(4)(A) because he had a prior federal felony conviction in 2003 for possession with intent to

distribute a controlled substance. PSR at ¶¶ 18, 38. Petitioner's advisory guideline range was 70 to 87 months. Petitioner was sentenced on October 14, 2015, to 70 months in custody—the bottom of his advisory guideline range.

Petitioner now moves to correct his sentence because of the new rule of constitutional law that was announced by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). By standing order of the Chief Judge for the District of South Dakota, the Federal Public Defender was appointed to represent petitioner. The Federal Public Defender filed a notice of intent not to supplement petitioner's pro se filing. Docket 5. The United States now moves to dismiss petitioner's motion for failure to state a claim. Docket 9.

## DISCUSSION

In *Johnson,* the United States Supreme Court addressed the application of the "residual clause" found in the Armed Career Criminal Act, at 18 U.S.C. § 924(e)(2)(B)(ii). But here petitioner was not convicted under the Armed Career Criminal Act. Additionally, no sentencing enhancements were applied to him that included residual-clause language. In determining his base offense level, the court relied on petitioner's prior conviction for a felony controlled substance offense—not "residual clause" language. Thus, petitioner has no claim that *Johnson* somehow invalidated his guidelines application. Because there is no connection between the new rule announced in *Johnson* and petitioner's sentencing, petitioner's motion for a sentence correction is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that petitioner has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Petitioner has not demonstrated that he is entitled to a sentence reduction under *Johnson*. And the court denies a certificate of appealability. Thus, it is

ORDERED that Johnson's Motion to Correct his sentence is denied (Docket 1).

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 9) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated August 18, 2016.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE